**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 26-51271 |
| | : | |
| WILLIAM M. WHITELAW JR. | : | Chapter 7 |
| | : | |
| Debtor(s). | : | Judge Tiffany Strelow Cobb |

**TRUSTEE'S OBJECTION TO CLAIMS OF EXEMPTION IN REAL PROPERTY,**
**GUNS, GO=KART PARTS AND PROBATE ESTATE**

Amy L. Bostic, Trustee in the above captioned case ("Trustee"), by and through counsel, hereby objects to Debtor's claims of exemption in Real Property located at 1013 Bluff Crest Drive, Columbus, Ohio 43235 ("Real Property"), in a revolver, .22 rifle, and .30 rifle ("Guns") in Go-Kart parts, and in Debtor's interest in the probate estate of Robert Whitelaw. The Section 341 meeting of creditors was concluded on May 18, 2026.

**Real Property**

Although Debtor schedules an ownership interest in the Real Property in his Schedule A, he did not own the Real Property at the time his bankruptcy case was filed. Debtor did not reside at the Real Property at the time his bankruptcy case was filed.

Debtor has provided Trustee with a settlement statement showing that he sold the Real Property on August 22, 2025. The net proceeds from the sale of the Real Property, $279,982.12, are being held in the Franklin County Court of Common Pleas, as a part of litigation styled Michael W. Lenhart Sr v. William M. Whitelaw, Jr, Case No. 25CV-006192. Trustee intends to seek the turnover of these proceeds.

Debtor has made a claim of exemption in the amount of $189,625.00 in the Real Property under Ohio Revised Code Section 2329.66(A)(1). Because Debtor did not reside at the Real Property

at the time his bankruptcy, Debtor's claim of exemption in the Real Property should be denied in its

entirety.

A debtor's right to exemptions is determined as of the date the bankruptcy petition is filed

*In re Wengerd*, 453 B.R. 243, 248 (B.A.P. 6th Cir. 2011).

In *In re Richards*, 642 B.R. 777 (B.A.P. 6th Cir. 2022), the Sixth Circuit Bankruptcy Appellate

Panel upheld a trustee's objection to a debtor's claim to a homestead exemption, under federal law,

in proceeds derived from a pre-petition sale of real estate:

In the present case, Trustee argues, and the bankruptcy court held, that Debtor was not entitled to claim an exemption under § 522(d)(1) because at the time the petition was filed, she was not using the property as a residence. A "debtor may claim only those exemptions available at the time of the bankruptcy petition filing[.]" *Holley v. Corcoran (In re Holley)*, 661 F. App'x 391, 395 (6th Cir. Oct. 25, 2016) (citing *In re Wengerd*, 453 B.R. 243, 250 (B.A.P. 6th Cir. 2011) (citing *White v. Stump*, 266 U.S. 310, 313, 45 S. Ct. 103, 104, 69 L. Ed. 301 (1924))). Thus, the proceeds could not "retain" exempt status because, at the time of filing, there was no property being used as a residence to claim as exempt. Instead, there were only funds held in escrow. Debtor acknowledges that none of the case law cited holds that the proceeds of the pre-bankruptcy sale of a residence can be claimed as exempt under the federal statute. *In re Richards*, 642 B.R. 777, 784 (B.A.P. 6th Cir. 2022).

Because Debtor did not reside in the Real Property on the date his bankruptcy petition was

filed, his claim of exemption in the Real Property should be denied in its entirety.

**<u>Guns</u>**

Debtor has made a claim of exemption in the Guns in the amount of $2,000 under Ohio

Revised Code Section 2329.66(A)(4)(a), which allows a debtor to exempt:

(A)(4)(a) The person's interest, not to exceed five hundred twenty-five dollars in any particular item or ten thousand seven hundred seventy-five dollars in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment that are held primarily for the personal, family, or household use of the person;

Trustee objects to this claim of exemption in its entirety on the basis that Guns are not assets

held primarily for the personal, family, or household use of the Debtor.  Debtor's testimony at the

meeting of creditors suggests that he sells guns and other assets as a means of generating income. The Guns, therefore, appear to be inventory of some kind and not assets held for household use.

If this Code section is found to be applicable to the, because Debtor has failed to value each of the Guns individually, Trustee cannot determine if any of (or which) of the Guns, exceeds a value of $525.00.  Trustee objects to this claim of exemption to the extent that the value of any particular item exceeds $525.00.

**Go-Kart Parts**

Debtor has made a claim of exemption in Go-Kart parts in the amount of $3,000 under Ohio Revised Code Section 2329.66(A)(4)(a), which allows a debtor to exempt:

(4)(a) The person's interest, not to exceed five hundred twenty-five dollars in any particular item or ten thousand seven hundred seventy-five dollars in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment that are held primarily for the personal, family, or household use of the person;

Trustee objects to this claim of exemption in its entirety on the basis that Go-Kart parts are not assets held primarily for the personal, family, or household use of the Debtor.  Debtor does not claim ownership of a Go-Kart in Schedule B so the Go-Kart parts appear to be inventory of some kind and not assets held for household use.  Debtor's testimony at the meeting of creditors suggests that he may sell the Go-Kart parts and other assets as a means of generating income. The Go-Kart parts, therefore, appear to be inventory of some kind and not assets held for household use.

If this Code section is found to be applicable to the Go-Kart parts, because Debtor has failed to value the Go-Kart parts individually, Trustee cannot determine if any of (or which) of the parts, exceeds a value of $525.00.  Trustee objects to this claim of exemption to the extent that the value of any particular item exceeds $525.00.

3

**Interest in Probate Estate**

Debtor claims wild-card exemption in the amount of $1,675 pursuant to Ohio Revised Code Section 2329.66(A)(18).  As specified in Debtor's schedules, Debtor has assigned a portion of his interest (in the amount of $8,500.00), to his bankruptcy counsel.  While Trustee believes that this pre-petition assignment is avoidable as an unperfected security interest, Debtor's voluntary transfer of this asset limits his ability to claim an exemption.

Section 522(g) of the Bankruptcy Code provides:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
(1) (A)such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

Debtor estimates that the value of his interest is $12,891.55.  If Trustee receives that amount from the Probate Estate, then Trustee has no objection to this claim of exemption because Debtor only assigned $8,500 to counsel.  In the event, however, that Trustee receives an amount from the Probate Estate that is lower than Debtor's estimate, such that there are insufficient funds over and above $8,500 to pay this exemption, Debtor's claim of exemption should be denied to the extent of such insufficiency.

For the foregoing reasons, therefore, Trustee respectfully urges this Court to deny Debtor's claims of exemption as set forth herein.

Respectfully submitted,

/s/ Kenneth M. Richards
 Kenneth M. Richards, Attorney       ( 0040455)
for Amy L. Bostic, Trustee
LUPER, NEIDENTHAL & LOGAN, LPA
1160 Dublin Road, Suite 400

4

Columbus, Ohio 43215
(614) 229-4447 -- Telephone
(866) 381-0293 – Facsimile
Email:  krichards@LNLattorneys.com

### NOTICE OF OBJECTION TO CLAIMS OF EXEMPTION IN REAL PROPERTY, GUNS, GO-KART PARTS, AND PROBATE ESTATE

The Trustee has filed an Objection to Claims of Exemption in Real Property, Guns, Go-Kart Parts, and Probate Estate.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the Motion, then on or before **twenty-one 21 days from the date set forth in the certificate of service for the motion**, you must file with the Court a response explaining your position by mailing your response by first-class mail to:

Clerk of Courts
United States Bankruptcy Court
170 N. High Street
Columbus, OH 43215

OR your attorney must file a response using the Court's ECF System.

The Court must **receive** it on or before the above date.

You must also send a copy of your response either by 1) the Court's ECF System or by 2) first-class mail to:

Kenneth M. Richards, Case Attorney
for Trustee
Luper, Neidenthal & Logan, LPA
1160 Dublin Road, Suite 400
Columbus, OH 43215

Office of the U. S. Trustee
200 North High Street, Suite 309
Columbus, OH 43215

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief without further notice or hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to Claims of Exemption in Real Property, Guns, Go-Kart Parts and Probate Estate was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and(ii) by **First-Class Mail** on June 9, 2026, addressed the following:

William Marshall Whitelaw, Jr.
6865 Downs Street
Worthington, OH 43085

/s/ Kenneth M. Richards
Kenneth M. Richards, Esq.